BRUSH vs. VANDERBERGH, survivor of FREEMAN.

Copies of direct interrogatories to be put to witnesses under a joint com-
mission are to be served by each party upon the other simultaneously.

THE defendant had applied for a commission to examine a
witness in the state of Virginia. Counsel attended on the part
of the complainant and joined in the commission, and gave the
names of two witnesses to be examined on the part of his
client. After an order had been entered for the issuing of the
commission, the solicitor for the defendant proposed to the so-
licitor for the complainant to appoint a day and time on which
to serve simultaneously the interrogatories for the examina-
tion of the witnesses on the part of the respective parties. The
latter declined doing so: claiming the right to have the direct
interrogatories for the examination of the witness on the part
of the defendant served on him and he to have some days
thereafter to serve the interrogatories for the examination of
the witnesses on the part of the complainant.

A motion was now made " for an order that the complain-
" ant serve on the defendant's solicitor and that the defendant
" serve on the complainant's solicitor, within six days from the
" date of such order, the direct interrogatories proposed by
" either party for the examination of witnesses to be examined
" under the commission ordered to be issued in this cause ; and
" that each party do respectively serve on the solicitor of the
" other the cross interrogatories proposed to be administered to
" such witnesses within ten days from the date of such order.
" And that all such interrogatories, as well direct as cross, be
" settled by the vice-chancellor at his chambers on the fifteenth
" day of June next or on some other day to be fixed upon by

*June 8,
1833.*

*Practice.
Serving inter-
rogatories, on a
commission to
examine wit-
nesses.*

" him. And for such further order as the court may see fit to " grant."

Mr. *Murray Hoffman,* in support of the motion.

Mr. *Charles Graham,* for the complainant.

The VICE-CHANCELLOR. The point of practice involved in this motion is not provided for by any of the present rules of the court. By virtue of the 68 § 2 *vol. R. S. page* 181, the chancellor has a general power to make rules concerning the examination of witnesses. Under this provision, we have the 69 and 70 rules, which regulate the manner of taking out a commission where a party requires to examine witnesses residing out of the state or who live more than twenty miles from an examiner and where no order has been made to examine the witnesses in the presence of a vice-chancellor; and also the 72d rule, whereby witnesses, examined out of the state, if the parties do not consent to an oral examination, are to be examined on written direct and cross interrogatories, to be allowed by a vice-chancellor or master and annexed to the commission. Such a rule as this was necessary, because the modern mode of examination of witnesses with us is *viva voce.*

These, it will be seen, do not touch the matter now before the court; and, until some further standing rule shall be made by the chancellor, the practice upon the point must be governed by what has heretofore been customary (so far as we can possibly ascertain it) and as it has heretofore existed in cases not provided for by statute or the rules of the court: 180th rule.

By a rule of this court, made by chancellor Sanford on the fifteenth day of July one thousand eight hundred and eight, it was ordered, that copies of all interrogatories to be administered to witnesses by either party, should be furnished to the opposite party before examinations thereon; that is to say, copies of all direct interrogatories were to be furnished six days before forwarding the commission to commissioners or before

the day assigned for the examination of witnesses by an examiner, and copies of all cross interrogatories two days before forwarding the commission on the day assigned for the examination by an examiner, as the case might be. Under this rule, where the parties united in a commision, it was in the power of one party to procure a simultaneous delivery of the interrogatories of his opponent, by giving the proper notice of the time when he would forward the commission. And I apprehend such a practice was thereafter pursued. Nor is there either inconvenience or injustice in this mode. It is much more favorable than the practice in the English court of chancery : for, there, one party is not permitted to see the interrogatories exhibited by his antagonist. The constant practice through all time has been, says chancellor Eldon, to grant commissions without communication of the interrogatories. And the reason for the English practice is no doubt this : each party is supposed to know how to shape both his direct and cross interrogatories from the matter put in issue by the pleadings.

This reason applies even stronger when connected with cases in our own court. Each party gives the name of every witness ; and he must, necessarily, be supposed to know what he expects each will be enabled to prove—and, consequently, can shape his own interrogatories so as to elicit the facts on his side and without regard to what his adversary may attempt to prove.

He has the privilege of seeing the direct interrogatories of his adversary, for the purpose of drawing his cross ones. This is all that can be properly necessary.

I shall allow the present motion. The parties are to deliver their direct interrogatories simultaneously. · I shall, indeed, adopt the words of the notice of motion herein as. to the manner and time of serving the direct as well as cross interrogatories. The period mentioned in the notice for settling them may be too short ; but the parties can no doubt fix upon a time when it will be agreeable to both of them.